## MOSAIC TEMPLARS OF AMERICA v. WOOLFOLK.

Opinion delivered June 16, 1924.

INSURANCE — COMPROMISE OF CLAIM—EVIDENCE.— Where plaintiff's father, having no authority to compromise plaintiff's claim on an insurance policy for $300, signed a receipt for plaintiff, acknowledging receipt of $150, but failed to sign a receipt on another page of the instrument reciting payment in full, a finding that plaintiff did not release his claim for the full amount of the policy will be sustained.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

#### · STATEMENT OF FACTS.

James Woolfolk sued the Mosaic Templars of America to recover $150 alleged to be due him on a policy of insurance issued by that company. The defendant denied liability.

It appears from the record that the Mosaic Templars of America, a fraternal benefit association, issued a policy of life insurance to Gertrude Blount in the sum of $300. She afterwards married James Woolfolk. The policy, by its terms, was made payable to the husband, mother, father, sister, brother, or relative by blood to the fourth degree of the insured, in the order named. Gertrude Blount Woolfolk died on August 24, 1920, and, according to the evidence for the plaintiff, had paid all dues and assessments to the defendant at the time of her death. The proof of death of the insured was made in accordance with the terms of the policy.

The defendant issued what it termed its voucher check, a part of which we copy as follows:

"ENDOWMENT DEPARTMENT.

"July 20, 1921. No. 21788.

"Upon the payee executing in ink the receipt on back of this voucher check, on demand pay to the order of James E. Woolfolk $150, one hundred fifty dollars.

"(Signed)    C. E. BUSH,

"National Grand Scribe and Treasurer M. T. A.

"To England National Bank 81-15, Little Rock, Arkansas."

The "voucher check" then recites the death of the insured, the date thereof, and the handing of the check to an officer of the defendant company.  Then comes the following:

"Voucher Check.

"No. 21788.                                                    $150.00

        "Payable to James E. Woolfolk.

                "(Signed)   James E. Woolfolk.

                        "S. L. Woolfolk."

After this the "voucher check" contains, among other things, the following:

"Received the amount stated in this voucher check in full payment of the within account.

        "_____Payee."

According to the testimony of the plaintiff, James Woolfolk, his father, S. L. Woolfolk, did not have the authority to accept the voucher in full payment of his claim, and, according to the testimony of S. L. Woolfolk, he did not accept the voucher in settlement of the claim of his son against the defendant company.

According to the evidence adduced by the defendant, the assured was in default for nonpayment of dues at the time of her death, and had forfeited her rights under the policy, and the "voucher check" in question was delivered to S. L. Woolfolk for James E. Woolfolk as a compromise of the amount claimed by the face of the policy, and was intended to be in full settlement of all claims of James E. Woolfolk against the company under the policy sued on.

The jury returned a verdict in favor of the plaintiff in the sum of $150, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Scipio A. Jones* and *Thomas J. Price,* for appellant.

The check issued by appellant and accepted and cashed by appellee constituted an accord and satisfaction.  The amount of the claim was in dispute; the check stated that it was in full of the amount due, and by cashing same appellee agreed to the condition.  See

216 Mass. 204; 94 Ark. 158; 49 Col. 275; 32 App. Cas. (D. C.) 392; 83 Ohio St. 169; 98 Ark. 271. Appellee is estopped from further collection on the claim. 100 Ark. 251; 1 C. J. par. 81.

*Sherrill & Mallory,* for appellee.

Acceptance of tender or remittance from debtor on a disputed claim does not constitute accord and satisfaction, unless clearly indicated by the facts and circumstances to be in full payment. 148 Ark. 655. Appellee refused to sign the release agreement on the back of the check, and the appellant waived this omission.

HART, J., (after stating the facts). The court instructed the jury that, if it believed from the evidence that all dues of Gertrude Blount Woolfolk were paid to the defendant company in accordance with the terms of the policy, then the plaintiff was entitled to judgment for the amount sued for, unless it should further find that the plaintiff accepted the money previously paid as full settlement of the amount due under the policy.

It is contended by the defendant that it was entitled to a directed verdict. Counsel for the defendant claim that the undisputed evidence shows that the plaintiff accepted the $150 paid him in full settlement of the amount due him under the policy sued on.

We cannot agree with counsel in this contention. It appears from the record that what is called the "voucher check" was folded through the middle, making four pages of it. On one page of the "voucher check" appears the signature "James E. Woolfolk, by S. L. Woolfolk." On a subsequent page, which is the last page of the voucher, is the following: "Received the amount stated in this voucher check in full payment of the within account.

"_____Payee."

It will be noted that this receipt is not signed by any name, and is on the last page of the "voucher check." The signature of James E. Woolfolk by S. L. Woolfolk is contained on a previous page of the "voucher check." James E. Woolfolk testified that S. L. Woolfolk did not

have authority to accept the "voucher check" in full settlement of the amount claimed by him, and the latter testified that he did not accept the voucher in full settlement of the claim of his son against the defendant company.

Under these circumstances we do not think it can be said that the undisputed evidence shows a settlement in full or a release by the plaintiff of his claim of $300 against the defendant, in consideration of the latter paying him the sum of $150.

No other error is assigned for a reversal of the judgment, and it follows that the judgment must be affirmed.